## DICK AKEY V. STATE.

No. 25592. December 19, 1951.
Rehearing Denied February 13, 1952.

Hon. Penn J. Jackson, Judge Presiding.

*Gean B. Turner*, Cleburne, for appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Unlawfully selling whisky in a dry area is the offense; the punishment, a fine of $800 and one year in jail.

It was shown by Fessler's testimony that appellant sold a pint of whisky to Fessler, an agent of the Texas Liquor Control Board acting as an undercover agent. Such testimony authorized the jury's conclusion of guilt.

W. E. Russell, an agent of the Texas Liquor Control Board who was working with the witness Fessler at the time mentioned, testified that he accompanied Fessler and Smith—whom Fessler was using as a decoy to assist in making the purchase of the whisky—to a point near appellant's residence where he (Russell) got out of the car. After the alleged purchase, Russell rejoined Fessler and Smith, who he testified had at the time two pints of whisky.

By Russell's further testimony, the state proved by him that appellant knew him. To such testimony the appellant objected. This objection the trial court sustained, and instructed the jury not to consider the testimony for any purpose. Appellant insists that the testimony was such as to constitute prejudicial error, notwithstanding its withdrawal from the consideration of the jury.

While it is true that the penalty fixed was near the maximum authorized to be inflicted, we cannot say that the withdrawn testimony contributed to that penalty. Moreover, we are not entirely satisfied that the testimony of Russell was not admissible in the first instance. As he was a party to the undercover scheme to entrap the appellant into selling the whisky to Fessler, Russell was entitled to explain why he got out of the car and did not accompany Fessler and Smith to appellant's home, where the purchase was made, his explanation being that appellant knew him.

It will be remembered that for an offense of the character here charged, a conviction may be had upon the uncorroborated testimony of an accomplice. Art. 666-23a, Sec. (8), Vernon's P. C.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the court.

### ON MOTION FOR REHEARING.

GRAVES, Presiding Judge.

Appellant has filed a motion for a rehearing, alleging as the sole ground of error that the court allowed the witness, W. E. Russell, to testify that he knew the appellant. The claimed basis 'of this injury is that Mr. Russell was an agent of the Texas Liquor Control Board and to prove by Russell that he knew the

appellant was for the purpose of leading the jury to believe that appellant was a known bootlegger. The testimony further shows that Mr. Russell sent another agent of the Texas Liquor Control Board to the home of the appellant for the purpose of purchasing whisky from him; that the reason Mr. Russell did not do the purchasing was because appellant knew him and surely would not have knowingly sold a bottle of liquor to an agent of the Texas Liquor Control Board whom he knew.

This is the only error complained of, and we see no reason for granting a rehearing on account of such fact.

The motion for rehearing is overruled.